IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN KING, JR.,<br>Plaintiff.<br><br>vs.<br><br>OFFICER SNELSON, individually,<br>OFFICER GADSON, individually,<br>OFFICER PHILLIPS, individually,<br>OFFICER SPEAKS, individually,<br>OFFICER BINDER, individually<br>WARDEN AT WILLIAM E DONALDSON,<br>In his individual and official capacity<br>Defendants. | Case No.: 2:19-cv-1994-JHE<br><br>Jury Trial Demanded |

### AMENDED COMPLAINT

**I. JURISDICTION**

1. This is an action for deprivation of civil rights under the Civil Rights Act, pursuant to 42 U.S.C. Sec. 1983, and under state law. Plaintiff brings this civil rights action to redress the deprivation under color of state law of the rights, privileges and immunities that are secured to the Plaintiff by the laws and Constitution of the United States and the State of Alabama.

2. This Court has jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367. The Court has supplementary jurisdiction over state law claims. The William E. Donaldson Correctional Facility, where the Plaintiff was being detained and where a substantial part, if not all of the unlawful acts alleged herein occurred, is located in Jefferson County, Alabama.

Thus, venue is proper in this court pursuant to 28 U.S.C. § 1402(b).

3. At all times material to Plaintiff's claims, the defendants were state actors acting under color of state law.

## II. PARTIES

2. Plaintiff, John King, Jr., is a citizen of the State of Alabama and brings this lawsuit on behalf of himself.

3. The defendants, as stated in the caption of the complaint, were at all times, legal persons or entitles within State of Alabama. They were state actors during the course of this incident as more particularly described below, in that they used the power of the state to effectuate the excessive physical force upon the plaintiff, John King, Jr.

4. The State of Alabama employed the Warden (which was warden at all relevant times) which supervised Officers Snelson ("Snelson), Gadson, Phillips, Speaks, and Binder as correctional officers at the William E. Donaldson Correctional Facility ("Donaldson") in Bessemer, Alabama, who, were working in the line and scope of their employment with the State of Alabama at the time of the incidents described below.

## III. FACTS OF THE CASE

5. On or about December 11, 2017, Plaintiff, John King, Jr., was transferred to Donaldson.

6. Shortly after arrival at the facility, King was told by Defendant Snelson, without provocation, "We'll kick your ass!"

7. King was assigned to "X Dorm, Cell 32". He noticed that his assigned

cell had no working lights in it. King then asked for a mop and a broom to clean

the cell.

8. King informed Officer Turnbull that the cell was inadequate as it lacked lights, air, and functioning water. She (Turnbull) called Lt. Jenkins and informed him that King would not go into the cell.

9. Lt. Jenkins arrived in the area shortly thereafter. Lt. Jenkins immediately pulls out his OC spray and walks toward King. King then goes into the cell.

10. At breakfast the next morning on December 12, 2017, an officer asked King if he was alright without any explanation for the inquiry. King was then escorted out of the cell to get his lunch tray at lunch time.

11. There were 5 officers lined up awaiting King's movement to get the lunch tray. These officers were intently watching King as he got his tray and walked back to his cell. Once inside his cell, King ate his lunch. King then slid his tray under the door.

12. Out of nowhere, King's cellmate told him that 5 officers were coming up the stairs with gloves on. King dismissed the comment saying, "I hope whoever they're coming for is alright."

13. King was sure they weren't coming to his cell because he had not done anything wrong or against the rules.

14. To his surprise and dismay, King hears an officer yell "roll cell 32!" King then sees a can of OC spray and the hand of Defendant Phillips. Phillips immediately begins to spray King.

15. One of the officers yells, "Inmate, down on the ground?" Snelson then strikes King in the head with a lead-tipped baton. Snelson then starts hitting King's hands.

16. All other Defendant officers joined in and began kicking and punching King.

17. King is then handcuffed.

18. After he is handcuffed, Defendant Gadson kicked him in the right side of the face.

19. Snelson then hits him in the mouth chipping his tooth in the process.

20. Defendants Binder and Phillips also used a baton/stick to strike King all about the body while he was handcuffed and completely compliant and subdued.

21. After this beating took place, Defendant Speaks escorted King to the infirmary. However, on the way, King accidently spits blood from his bleeding mouth onto Speaks's shirt. Speaks yells at King, "Oh you spit blood on me motherfucker!" He then takes the still-handcuffed King and holds him on the wall with one hand and punches him in the face repeatedly with the other hand.

22. When King was eventually taken to the hospital over a month and a half later because his hand was turning black, the staff at Brookwood Medical confirmed that the hand was broken.

23. King suffered many injuries from the beating he endured including, but not limited to, a broken front tooth; a fractured bone in his right hand; gashes in his head which required staples to close the wounds; wounds on both legs which required staples to close them; and he was confined to a wheelchair for three weeks.

24. Defendant Warden knew or should of known of the pattern and penchant of the Defendant Correctional Officers to use unreasonable and excessive force against inmates without cause.

25. The Warden did not intervene to thwart this behavior though he had the power to and did not discharge his duty to discipline and properly train these officers.

**IV. PLAINTIFF'S CLAIM AGAINST OFFICER SNELSON INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE EIGHTH AMENDMENT**

26. Plaintiff alleges the above facts[1] which pertain to the action or conduct of this Defendant the same as if set out herein.

27. Plaintiff alleges that the force as heretofore described that was used upon him was excessive.

28. Plaintiff was compliant and posed no threat to the Defendant or anyone else.

29. Plaintiff suffered physical and emotional damages from the excessive force used by the Defendant.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

## V. PLAINTIFF'S CLAIM AGAINST OFFICER GADSON INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE EIGHTH AMENDMENT

30. Plaintiff alleges the above facts[2] which pertain to this Defendant the same as if set out herein.

31. Plaintiff alleges that the force as heretofore described that was used upon him was excessive.

32. Plaintiff was compliant and posed no threat to the Defendant or

---

[1] ¶ 1-6, 28-30, 33, 39-45
[2] ¶ 1-6, 30, 32, 39-45

anyone else.

33. Plaintiff suffered physical and emotional damages from the excessive force used by the Defendant.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

## VI. PLAINTIFF'S CLAIM AGAINST OFFICER PHILLIPS INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE EIGHTH AMENDMENT

34. Plaintiff alleges the above facts which pertain to this Defendant[3] the same as if set out herein.

35. Plaintiff alleges that the force as heretofore described that was used upon him was excessive.

36. Plaintiff was compliant and posed no threat to the Defendant or anyone else.

37. Plaintiff suffered physical and emotional damages from the excessive force used by the Defendant.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above.

---

[3] ¶ 1-6, 26, 34, 39-45

Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

### VII. PLAINTIFF'S CLAIM AGAINST OFFICER SPEAKS INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE EIGHTH AMENDMENT

38. Plaintiff alleges the above facts[4] which pertain to this Defendant the same as if set out herein.

39. Plaintiff alleges that the force as heretofore described that was used upon him was excessive.

40. Plaintiff was compliant and posed no threat to the Defendant or anyone else.

41. Plaintiff suffered physical and emotional damages from the excessive force used by the Defendant.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

### VIII. PLAINTIFF'S CLAIM AGAINST DEFENDANT BINDER INDIVIDUALLY FOR EXCESSIVE FORCE UNDER SECTION 1983 VIOLATION OF THE EIGHTH AMENDMENT

42. Plaintiff alleges the above facts[5] which pertain to this Defendant the same as if set out herein.

---

[4] ¶ 1-6, 30, 35-45
[5] ¶ 1-6. 30, 34, 39-45

43. Plaintiff alleges that the force as heretofore described that was used upon him was excessive.

44. Plaintiff was compliant and posed no threat to the Defendant or anyone else.

45. Plaintiff suffered physical and emotional damages from the excessive force used by the Defendant.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

## IX. PLAINTIFF'S CLAIM AGAINST DEFENDANT WARDEN INDIVIDUALLY AND OFFICIALLY FOR FAILURE TO SUPERVISE, TRAIN, OR DISCIPLINE UNDER SECTION 1983 VIOLATION OF THE EIGHTH AMENDMENT

46. Plaintiff alleges the above facts the same as if set out herein.

47. Plaintiff alleges that the Warden (at the time in question) knew of the other defendants malevolent and cruel behavior toward inmates, had a duty to stop it, and chose to do nothing.

48. The Warden knew about the officers beating the Plaintiffs without cause and did nothing to discipline the offers.

49. The Warden's actions and inactions caused Plaintiff to suffer physical and emotional damages.

WHEREFORE, plaintiff demands judgment for compensatory and punitive

damages under Section 1983, in an amount to be determined, for some or all of the excessive acts of force of the above-named officers as heretofore described above. Plaintiff alleges that because of the above he suffered humiliation and shame and mental distress.

/s/ Terrell E. McCants

_____
Terrell E. McCants ASB-2299-L68M (MCC176)
Burrell & McCants, LLC,
712 32nd St. South
Birmingham, AL    35233
e-mail: terrell@burrellmccants.com
205-202-5599

_____
Samuel Fisher
Sidney Jackson
Wiggins, Childs, Pantazis, Fisher, Goldfarb, P.C.
The Kress Building,
301 19th Street North
Birmingham, Alabama 35203
Email: SJackson@wigginschilds.com

205-314-0635

**Notice of Lawsuit and Request for Waiver of Service to Be Sent by Certified Mail to the Following:**

William E. Donaldson Correctional Facility
C/O Legal Department
100 Warrior Ln, Bessemer, AL 35023

William E. Donaldson Correctional Facility
C/O Officer Snelson
100 Warrior Ln, Bessemer, AL 35023

William E. Donaldson Correctional Facility
C/O Officer Gadson
100 Warrior Ln, Bessemer, AL 35023

William E. Donaldson Correctional Facility
C/O Officer Phillips
100 Warrior Ln, Bessemer, AL 35023

William E. Donaldson Correctional Facility
C/O Officer Speaks
100 Warrior Ln, Bessemer, AL 35023

William E. Donaldson Correctional Facility
C/O Officer Binder
100 Warrior Ln, Bessemer, AL 35023

Alabama Department of Corrections
Legal Department
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama 36130-1501