

FILED

2020 Mar-26  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JOHN KING, JR.  ,                          )
                                        )
      Plaintiff,                         )
                                         )
v.                                         )          CASE NO. 2:19-cv-1994-JHE
                                         )
OFFICER SNELSON and, WARDEN)
GWENDOLYN GIVENS, et al         )
                                         )
      Defendants.                        )
                                         )

## DEFENDANTS' ANSWER

COME NOW, the Defendants Officer Nelson, et. al, (hereinafter, referred to as, "Defendants"), in their individual and official capacities, by and through the undersigned counsel, and for the Answer to the above-styled action, states as follows:

Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

## JURISDICTION

1.    Acknowledged that the Plaintiff is contending jurisdiction is appropriate based on laws, statutes, canons asserted in the Amended Complaint.

2.    Acknowledged that the Plaintiff is contending venue is appropriate based on the assertions in the Amended Complaint.

## PARTIES

3    Admitted that Plaintiff is an inmate in the custody of ADOC and housed at Donaldson Correctional Facility, Bessemer, Alabama.

4.    Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

5.    Admitted with the exception that Defendants Deny that they are somehow legally or individually responsible for the events that transpired in Plaintiff's Amended Complaint.

## FACTS

6.    Admitted. Plaintiff was an inmate in the custody of ADOC and housed at Donaldson Correctional Facility, Bessemer, Alabama.

7.    Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

8.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in Paragraph 7 and demands strict proof thereof.

9.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in Paragraph 8 and demands strict proof thereof.

10.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in Paragraph 9 and demands strict proof thereof.

11.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in Paragraph 10 and demands strict proof thereof.

12.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in Paragraph 11 and demands strict proof thereof.

13.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in Paragraph 12 and demands strict proof thereof.

14.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations in Paragraph 13 and demands strict proof thereof.

15.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

16.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

17.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

18.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

19.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

20.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

21.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

22.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

23.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

24.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

25.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

26.   Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

27.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

28.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

29.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

30.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

31.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

32.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

33.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

34.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

35.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

36.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

37.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

38.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

39.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

40.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

41.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

42.    Defendant does not have sufficient information to admit or deny the Plaintiff's allegations and demands strict proof thereof.

43.    Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

44.    Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

45.    Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

46.    Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

47.   Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

48.   Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

49.   Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

50.   Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1.   The Amended Complaint fails to state a claim upon which relief can be granted.

2.   The Court lacks jurisdiction over the persons involved in this action.

3.   The Court lacks jurisdiction over the subject matter of this action.

4.   The Amended Complaint fails to plead the substance of a bona fide justiciable controversy; moreover, no controversy of a justiciable character exists between the parties.

5.   Defendants assert judicial immunity.

6.   Defendants assert qualified immunity.

7.    Defendants assert sovereign immunity.

8.    Defendants assert state-agent immunity.

9.    Defendants assert functional discretionary immunity.

10.   Defendants assert estoppel.

11.   Defendants assert laches.

12.   Defendants assert release.

13.   Defendants assert waiver.

14.   Defendants generally deny that the Plaintiff is entitled to receive any portion of the relief requested in the Amended Complaint filed in the above-styled action.

15.   Plaintiff is generally not entitled to a declaratory judgment or any other relief requested.

16.   To the extent that any of the foregoing allegations in the Plaintiff's Amended Complaint have not been admitted or denied, they are hereby denied.

17.   The Defendants reserve the right to assert additional defenses as this action progresses.

The Defendants further reserve the right to amend their Answer.

Respectfully submitted,

Respectfully submitted,

Steve Marshall (MAR083)
*Attorney General*
By:


/s/Madeline H. Lewis
*Madeline H. Lewis (HIN032)*
*Assistant Attorney General*

State of Alabama
501 Washington Ave
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:          (334) 242-2848
E-Mail:      docketroom@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have served a copy on the attorney, via email, addressed as follows:

Terrell E. McCants – Terrell@burrellmccants.com
Samuel Fisher – sf@wigginschilds.com
Sidney Jackson – sjackson@wiffinschilds.com


/s/Madeline H. Lewis
Madeline H. Lewis
Alabama Assistant Attorney General



ADDRESS OF COUNSEL:

Appellate Division – Criminal Appeals Section
Office of the Attorney General, State of Alabama
501 Washington Avenue
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:        (334) 353-8400
E-Mail:     docketroom@ago.state.al.us

2403412 / 192338-003