FILED

2020 Dec-30  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN KING, JR. , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-1994-JHE |
| | ) | |
| OFFICER SNELSON, OFFICER | ) | |
| GADSON, OFFICER PHILLIPS, | ) | |
| OFFICER SPEAKS, OFFICER | ) | |
| BINDER, and WARDEN OF | ) | |
| WILLIAM E. DONALDSON | ) | |
| CORRECTIONAL FACILTY. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS'(AMENDED) ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW, the Defendants (1)Binder, (2)Gadson, (3)Givens, (4)Phillips, (5)Snelson, and (6)Speaks, in their individual and official capacities, by and through the undersigned counsel, and for the Answer to the above-styled action, states as follows:

Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

## I.    JURISDICTION

1.     The defendants neither admit nor deny the allegations stated in this paragraph.

2.     Admit that the plaintiff, John King, Jr., was housed at the William E. Donaldson Correctional Facility on or about December 12, 2017.  Admit that the William E. Donaldson Correctional Facility is located in Jefferson County, Alabama.  The defendants neither admit nor deny all other allegations of this paragraph.

3.     The defendants neither admit nor deny the allegations stated in this paragraph.

## II. PARTIES

2.[1]     The defendants are without sufficient information to admit or deny this allegation.

3.     Denied as to the Plaintiff's allegations and strict proof thereof is demanded.

4.     Admit that the State of Alabama employed the Warden of the William E. Donaldson Correctional facility.  Admit that the Warden supervises correctional officers at the William E. Donaldson Correctional Facility.  All other allegations stated in this paragraph are denied by the defendants.

---

[1] The plaintiff's amended complaint has numbering errors.

### III. [ALLEGED] FACTS OF THE CASE

5.      Admit.

6.      Deny and defendants' demand strict proof of the same.

7.      The defendants are without sufficient information to admit or deny the allegations stated in this paragraph.

8.      The defendants are without sufficient information to admit or deny the allegations stated in this paragraph.

9.      Deny and defendants' demand strict proof of the same.

10.     The defendants are without sufficient information to admit or deny the allegations stated in this paragraph

11.     The defendants deny the allegation that they were "intently watching" King.  The defendants are without sufficient information to admit or deny the remaining allegations stated in this paragraph.

12.     Deny and defendants' demand strict proof of the same.

13.     Deny and defendants' demand strict proof of the same

14.     Admit that Officer Phillips deployed a one second burst to King's facial area. The defendants deny all other allegations stated in this paragraph and demand strict proof of the same.

15.   Admit that King was struck with a baton after he refused direct orders of correctional officers. The defendants deny all other allegations stated in this paragraph and  demand strict proof of the same.

16.   Deny and defendants' demand strict proof of the same.

17.   Admit that King was handcuffed on December 12, 2017.

18.   Deny and defendants' demand strict proof of the same.

19.   Deny and defendants' demand strict proof of the same.

20.   Deny and defendants' demand strict proof of the same.

21.   Deny and defendants' demand strict proof of the same.

22.   Admit that King was seen at Brookwood Medical Center where an X-Ray showed a fracture of his third and fourth metacarpal. Deny that King was not taken to the hospital until a month after the incident in question. The defendants deny all other allegations stated in this paragraph and demand strict proof of the same.

23.   The defendants are without sufficient information to admit or deny the allegations stated in this paragraph.

24.   Deny and defendants' demand strict proof of the same.

25.   Deny and defendants' demand strict proof of the same.

## IV.   PLAINTIFF'S CLAIM AGAINST
## OFFICER SNELSON UNDER § 1983

26.    The defendants neither admit nor deny the allegations stated in this paragraph.

27.    Deny and defendants' demand strict proof of the same.

28.    Deny and defendants' demand strict proof of the same.

29.    Deny and defendants' demand strict proof of the same.

## V.    PLAINTIFF's CLAIM AGAINST
## OFFICER GADSON UNDER §1983

30.    The defendants neither admit nor deny the allegations stated in this paragraph.

31.    Deny and defendants' demand strict proof of the same.

32.    Deny and defendants' demand strict proof of the same.

33.    Deny and defendants' demand strict proof of the same.

## VI.   PLAINTIFF'S CLAIMS AGAINST
## OFFICER PHILLIPS UNDER §1983

34.    The defendants neither admit nor deny the allegations stated in this paragraph.

35.    Deny and defendants' demand strict proof of the same.

36.    Deny and defendants' demand strict proof of the same.

37.   Deny and defendants' demand strict proof of the same.

## VII.  PLAINTIFF'S CLAIMS AGAINST
## OFFICER SPEAKS UNDER §1983

38.   The defendants neither admit nor deny the allegations stated in this paragraph.

39.   Deny and defendants' demand strict proof of the same.

40.   Deny and defendants' demand strict proof of the same.

41.   Deny and defendants' demand strict proof of the same.

## VIII.      PLAINTIFF'S CLAIMS AGAINST
## DEFENDANT BINDER UNDER §1983

42.   The defendants neither admit nor deny the allegations stated in this paragraph.

43.   Deny and defendants' demand strict proof of the same.

44.   Deny and defendants' demand strict proof of the same.

45.   Deny and defendants' demand strict proof of the same.

## IX.   PLAINTIFF'S CLAIM AGAINST DEFENDANT
## WARDEN FOR FAILURE TO SUPERVISE AND TRAIN
## UNDER §1983

46.   The defendants neither admit nor deny the allegations stated in this paragraph.

47.   Deny and defendants' demand strict proof of the same.

48.   Deny and defendants' demand strict proof of the same.

49.   Deny and defendants' demand strict proof of the same.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.   The Amended Complaint fails to state a cause of action upon which relief can be granted.

2.   The Court lacks jurisdiction over the persons involved in this action.

3.   The Court lacks jurisdiction over the subject matter of this action.

4.   The defendants assert that they did not violate the plaintiff's civil rights, or any federal or state laws or regulations.

5.   The defendants are entitled to qualified, state-agent, and good faith immunity for the allegations in the plaintiff's complaint.

7.   The defendants are entitled to absolute sovereign(immunity) for the claims against them in their official capacity.

8.   The plaintiff's respondeat superior (supervisory) claims are barred in a 42 U.S.C.A. §1983 cause of action.

9.   Any force used against the plaintiff on December 12, 2017 was used to maintain order and restore discipline at a prison facility and not maliciously and sadistically to cause the plaintiff harm.

6.    Defendants assert functional discretionary immunity.

7.    Defendants assert that the plaintiff's claims are barred by the statute of limitations.

8.    Defendants assert contributory negligence.

9.    Defendants assert failure to follow a direct order resulted in the plaintiff's injuries.

10.   Defendants assert estoppel.

11.   Defendants assert laches.

12.   Defendants assert release.

13.   Defendants assert waiver.

14.   The defendants' assert that they are not the proximate cause of some or all of the plaintiff's injuries.

15.   Plaintiff's claims for punitive damages violate the United States Constitution and/or the common law and/or the public policies of the United States.

16.   Defendants generally deny that the Plaintiff is entitled to receive any portion of the relief requested in the Amended Complaint filed in the above-styled action.

17.   To the extent that any of the foregoing allegations in the Plaintiff's Amended Complaint have not been admitted or denied, they are hereby denied.

18.   The Defendants reserve the right to assert additional defenses as this action progresses.

Respectfully submitted,

Steve Marshall (MAR083)
*Attorney General*
By:


/s/Bettie J. Carmack
*Bettie J. Carmack (CAR-132)*
*Assistant Attorney General*

State of Alabama
501 Washington Ave
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
E-Mail: Bettie.Carmack@alabamaAG.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of December, 2020, I electronically

filed the foregoing with the Clerk of the Court using the CM/ECF system which will

provided notification of the amended answer as follows::

Terrell E. McCants – Terrell@burrellmccants.com
Sidney Jackson – sjackson@wigginschilds.com


/s/Bettie J. Carmack
Bettie J. Carmack
Alabama Assistant Attorney General